UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH RAY BRADFORD                    MISCELLANEOUS ACTION NO.

VERSUS
                                        20-119-JWD-EWD
KENNETH RAY BRADFORD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH RAY BRADFORD                          MISCELLANEOUS ACTION NO.

VERSUS

                                             20-119-JWD-EWD

KENNETH RAY BRADFORD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Request for Issuance of Writ or [sic] Execution (the "Motion"), filed by Kenneth Ray Bradford ("Plaintiff"). The Motion seeks an Order from this Court requiring the United States Marshals Service ("USMS") to execute an Order[1] on Timothy Hooper, Warden of the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, which would command Plaintiff's immediate release from custody, based on his purported status as a sovereign citizen.[2] This is not Plaintiff's first attempt to secure release from custody based on his alleged personal sovereignty. In *Bradford v. LeBlanc*, Civ. Action No. 18-257 (M.D. La.), Plaintiff sought immediate release from the custody of the Louisiana Department of Corrections—his fourth attempt on the same basis. For the same reasons, Plaintiff's request was denied in that case,[3] it should also be denied here.

In Civ. Action No. 18-257, Plaintiff asserted that he was being held in custody in contravention of a "Declaration and Certificate of Sovereign Status" (the "Declaration of Sovereignty") which Plaintiff filed in the mortgage records for the Parish of East Baton Rouge.[4] Plaintiff asked this Court to order the Declaration of Sovereignty to be served on defendant, "The Department of Public Safety & Corrections, Secretary James LeBlanc" and demanded that LeBlanc

---

[1] R. Doc. 1-2. The proposed Order to be executed is signed and verified by Plaintiff.

[2] R. Doc. 1-3 (Declaration & Certificate of Sovereign Status, Formal Sovereign Oath of Renunciation).

[3] *See* Civ. Action No. 18-257, R. Docs. 11 (Report and Recommendation) and 12 (Ruling and Order of Dismissal adopting Report and Recommendation).

[4] *See* Civ. Action No. 18-257, R. Doc. 1-2. This appears to be the same Declaration attached as R. Doc. 1-3 in this case.

"adhere to the Decrees/Judgments and immediately release Kenneth Ray Bradford under Department of Corrections number 490690 from custody."[5]

Plaintiff's sole basis for asserting release is proper is his Declaration of Sovereignty. Civ. Action No. 18-257 was Plaintiff's fourth attempt to secure his release from DOC custody based on his alleged sovereign status.[6]  With respect to Plaintiff's Declaration of Sovereignty (which includes Plaintiff's "Formal Sovereign Oath of Renunciation"), this Court has previously explained:

> although the plaintiff asserts that he is a foreign sovereign…and although he alleges to have executed a formal Declaration to this effect, along with an "Oath of Renunciation," renouncing his United States citizenship, it appears clear to this Court that these documents are of no legal effect and that the plaintiff remains a citizen of the United States and of the State of Louisiana. Specifically, although 8 U.S.C. § 1481(a) allows a United States citizen to voluntarily renounce his citizenship, the record does not reflect that the plaintiff has complied with or is able to comply with the terms thereof. Although he refers to subsection (a)(2) of that statute, that subsection is available only to people living outside the United States. Specifically, 8 U.S.C. § 1483(a), provides that, "[e]xcept as provided in paragraphs (6) and (7) of section 1481(a) ... no national of the United States can lose United States nationality ... while within the United States ...." And although paragraph (a)(6) of the referenced statute allows a declarant to make a formal renunciation of nationality, this paragraph applies only when the United States is in a state of war and when the Attorney General has approved such renunciation upon a determination that the renunciation is not contrary to the interests of national defense. *See* 8 U.S.C. § 1481(a)(6).  Further, the plaintiff does not suggest that paragraph (a)(7) is applicable inasmuch as that paragraph requires an act of treason, an attempt to overthrow the United States government, or the bearing of arms against the United States. *See* 8 U.S.C. § 1481(a)(7).  Thus, considering the plaintiff's current state of incarceration, it does not appear that he has the capacity to renounce his citizenship under 8 U.S.C. § 1481(a). *See, e.g.*, *Hood v. United States*, 2011 WL 6440511 (M.D. Ala., Dec. 2, 2011) (concluding that "there is no way for Plaintiff to formally

---

[5] Civ. Action No. 18-257, R. Doc. 1, ¶ 5.

[6] *See* Civ. Action No. 18-257, R. Doc. 10-1, p. 2 (listing prior cases where this Court has previously rejected the same claims Plaintiff makes here, specifically *see Kenneth Ray Bradford v. James LeBlanc, et al.*, No. 11-cv-312-BAJ-CN (dismissed as frivolous); *Kenneth Ray Bradford v. Louisiana Department of Corrections, et al.*, No. 11-cv-750-JJB-CN (voluntarily dismissed by plaintiff after issuance of a Magistrate Judge's Report recommending dismissal as frivolous); *Kenneth Ray Bradford v. James LeBlanc, et al.*, No 12-cv-427-BAJ-DLD (dismissed as frivolous).).

renounce his citizenship while he is incarcerated"); *Duncan v. United States Department of State*, 2008 WL 4821323 (W.D. Va., Oct. 30, 2008) (holding that an incarcerated inmate "has no entitlement to renounce his citizenship at this time under § 1481(a), because he cannot meet statutorily mandated conditions for doing so"); *Davis v. United States*, 2008 WL 1819928 (W.D. La., March 28, 2008) (same). Accordingly, the plaintiff's contention that he has renounced his United States citizenship and is a foreign sovereign is unavailing....[7]

Through the Motion, Plaintiff again seeks some sort of legal recognition of the Declaration of Sovereignty. As explained above, that Declaration is of no legal effect. Further, although it is not clear that Plaintiff is still incarcerated, he still has not shown that any of the bases for renunciation of his citizenship currently apply and the Declaration upon which he relies, executed June 25, 2007, has already been determined to be of no legal effect several times.

Additionally, while Plaintiff seeks to have the Writ of Execution issued so that an Order will be served requiring his immediate release from state custody, as has been previously explained to Plaintiff "'[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'"[8] "Accordingly, the plaintiff in this case, in order to obtain the relief desired, is limited to the filing of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254."[9] This Court has previously advised Plaintiff that "should he wish to pursue habeas corpus relief, he must first exhaust his remedies through the courts of the State of Louisiana, and he must include in his habeas application

---

[7] *Bradford v. LeBlanc*, No. 12-427, 2012 WL 5364255, at * 2 (M.D. La. Sept. 19, 2012), *report and recommendation adopted*, 2012 WL 5364262 (Oct. 31, 2012).

[8] *Bradford*, 2012 WL 5364255, at * 3 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

[9] *Id*. (citing *Myers v. Michigan*, No. 10- 232, 2010 WL 1507617 (W.D. Mich. April 14, 2010) (holding that plaintiff, who claimed to be a "sovereign American ... but not a United States citizen", and who sought release from custody based upon a purported "security agreement", could obtain release only through a writ of habeas corpus); *Cottenham v. Michigan*, No. 10-149, 2010 WL 1254554 (W.D. Mich. March 29, 2010) (same)).

all potential claims he may have."[10]  Accordingly, Plaintiff's request for a Writ of Execution to have

the USMS serve an invalid Order, based on a legally unenforceable pronouncement of personal

sovereignty, should be denied.[11]  Given Plaintiff's repeated attempts to bring this frivolous issue

before the Court, it is also recommended that an order be issued pursuant to 28 U.S.C. § 1651 barring

Plaintiff from filing any future suits or actions without first obtaining leave from a judge of this

Court.

Accordingly,

**IT IS RECOMMENDED** that the Motion for Writ of Execution, filed by Kenneth Ray

Bradford, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that an Order be issued pursuant to 28 U.S.C. § 1651

barring Plaintiff from filing any future suits or actions without first obtaining leave from a judge of

this Court.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *Bradford v. LeBlanc*, No. 18-257, 2018 WL 4001292, at *3 (M.D. La. July 25, 2018); *see also Bradford*, 2012 WL 5364255, at * 4 (recommending that Plaintiff's suit be dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A "without prejudice to the plaintiff's right to seek habeas corpus relief under 28 U.S.C. § 2254; *Bradford v. Louisiana Department of Corrections, et al.*, No. 11-cv-750, R. Doc. 9 (Report and Recommendation advising Plaintiff that his sole federal remedy for seeking a release from confinement was to file a writ of habeas corpus, and that should Plaintiff seek to file same, he must exhaust his remedies through the courts of the State of Louisiana).

[11] With respect to subject matter jurisdiction, the Writ of Execution states: "This action arises under 28 U.S.C. 1602-1611, Foreign Sovereign Immunities Act of 1976, 8 U.S.C. 1481(a)(1)(2) and Rules of Civil Procedure, Rule 70."  R. Doc. 1, ¶ 1.  Because Plaintiff is not entitled to be recognized as a foreign national or a sovereign entity, he may not seek to invoke the jurisdiction of this Court by asserting that this case involves a claim by a "foreign state" for purposes of the Jurisdictional Immunities of Foreign States statutes, 28 U.S.C. §§ 1602 – 1611.  As explained above, 8 U.S.C. § 1481 provides bases for the loss of nationality by a native-born or naturalized United States citizen, but Plaintiff has not alleged facts to establish that he qualifies under any of those provisions.  Federal Rule of Civil Procedure 70 provides a procedure by which judgments may be recognized; however, Plaintiff has not cited to any valid judgment and instead relies on his Declaration of Sovereignty and an Order signed by him.